## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    :
                                          :
MICHAEL D. BROMFIELD,                     :
                                          :    No. 5:20-bk-01936-RNO
                          Debtor,         :
                                          :
                                          :
                                          :

## PROPOSED ORDER

And now, this _____ day of September, 2020, upon
consideration of Reamstown Mutual Insurance Company's Motion to Intervene,
and any response filed thereto, Reamstown Mutual Insurance Company is
permitted to intervene in this matter. Counsel for Reamstown Mutual Insurance
Company shall be docketed as an intervening party in this matter.


_____
**JUDGE ROBERT N. OPEL, II**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MICHAEL D. BROMFIELD, | : | |
| | : | No. 5:20-bk-01936-RNO |
| Debtor, | : | |
| | : | |
| | : | |
| | : | |

## REAMSTOWN MUTUAL INSURANCE COMPANY'S MOTION TO INTERVENE

Intervenor, Reamstown Mutual Insurance Company ("Reamstown"), by and through its undersigned counsel, hereby seeks to intervene in the above-captioned lawsuit pursuant to Federal Rules of Bankruptcy Procedure 7024 and 2018. In support of this motion, Reamstown avers as follows:

## PARTIES

1.     Intervenor, Reamstown, is a mutual insurance company, authorized to issue insurance policies in the Commonwealth of Pennsylvania, and regularly conducts business in the Commonwealth of Pennsylvania.

2.     Upon information and belief, Debtor, Michael D. Bromfield ("Bromfield"), is a real person whom resides at 4250 Chelsea Circle, Tobyhanna, PA 18466 (the "4250 Chelsea Circle" address).

## MR. BROMFIELD'S CIVIL LITIGATION

3.      On November 27, 2019, Mr. Bromfield filed a civil complaint in the Philadelphia County Court of Common Pleas, docketed at Case ID: 191103633, captioned "Michael Bromfield v. Reamstown Mutual Insurance Company" (the "Complaint").  A copy of the Complaint, with exhibits, is attached hereto as Exhibit "A."

4.      The Complaint is verified, under oath, by Mr. Bromfield. Ex. A, Verification.

5.      Therein, Mr. Bromfield alleges that on December 26, 2018, Mr. Bromfield had been issued an insurance policy (the "Policy") by Reamstown insuring Mr. Bromfield's real property located at 109 Chelsea Circle, Tobyhanna, Pennsylvania, 18466 (the "109 Chelsea Circle" address).  Ex. A, ¶ 3.  A copy of the Policy is attached hereto as Exhibit "B."

6.      Mr. Bromfield was quite clear in the Complaint that he owned the 109 Chelsea Circle address.  Ex. A, ¶ 1.

7.      Further, Mr. Bromfield alleges that that on December 26, 2018, "while said policy of insurance was in full force and effect, Plaintiff suffered a sudden and accidental direct physical loss to the [109 Chelsea Circle address], resulting in damage and loss. . . ."  Ex. A, ¶ 5.

8. Mr. Bromfield claims that "[Reamstown] denied coverage for the aforementioned loss without a reasonable basis for doing so." Ex. A, ¶ 7.

9. On the contrary, Mr. Bromfield's claim was not covered under the terms and conditions of the Policy, and therefore the claim was denied. A copy of that claim denial letter is attached hereto as Exhibit "C."

10. As a result, Mr. Bromfield pleads two causes of action against Reamstown in the Complaint: Count I for Breach of Contract, and Count II for insurance bad faith in violation of 42 Pa. C.S. §8371. *See generally* Ex. A.

11. More particularly, Mr. Bromfield claims in the Complaint "as a result of [Reamstown's] failure and refusal to pay benefits to [him] as required under the aforementioned policy of insurance, as well as the mishandling of [his] claim, [he] has suffered loss and damage in an amount not in excess of $50,000.00." Ex. A, ¶ 10.

## THE INSTANT BANKRUPTCY

12. Unbeknownst to Reamstown or Undersigned Counsel, on June 26, 2020, Mr. Bromfield filed the instant Chapter 7 Voluntary Petition for an Individual (the "Petition"). *See* ECF No. 1.

13. Within the Petition, Mr. Bromfield makes the following declarations to the Court:

- He resides at the 4250 Chelsea Circle address. ECF No. 1, p.2, 5; *cf.* Ex. A;

3

- ***He does not believe that after any exempt property is excluded and administrative expenses paid, that any funds would be left to distribute to unsecured creditors***. ECF No. 1, p.6, 17;

- His total real estate holdings from Schedule A/B are $175,000.00. ECF No. 1, Official Form 106Sum, p.1, 1;

- ***His only real property is the 4250 Chelsea Circle address, and that property is worth $175,000.00***. ECF No. 1, Schedule A/B: Property, p.1, 1.1;

- ***He has no interest in any insurance policies, including disability, life, and homeowners***. ECF No. 1, Schedule A/B: Property, p.1, 31;

- ***He has no claims against third-parties***. ECF No. 1, Schedule A/B: Property, p.1, 33; and

- ***He has no contingent claims***. ECF No. 1, Schedule A/B: Property, p.1, 34.

14.     **Mr. Bromfield further signed and certified that he had ". . . examined this petition, and [] declare under penalty of perjury that the information provided is true and correct."** ECF No. 1, p.6, Part 7 (emphasis added).

15.     **Mr. Bromfield also stated that he understood ". . . making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both."** ECF No. 1, p.6, Part 7 (emphasis added).

16.     On July 31, 2020, the Trustee in this matter submitted to the Court the Trustee's Report of No Distribution, noting that ". . . I have neither received any

4

property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and **that there is no property available for distribution from the estate over and above that exempted by law**." ECF No. 10. (emphasis added).

17. On August 11, 2020, Employee Income Records of Mr. Bromfield were filed. ECF No. 14.

18. On August 22, 2020, Undersigned Counsel was in the process of preparing for the deposition of Mr. Bromfield in his civil matter, and discovered the existence of the instant bankruptcy.

19. Prior to this date, Undersigned Counsel was not aware of the instant bankruptcy, nor has a suggestion of bankruptcy been filed in that matter. A copy of that docket is attached hereto as Exhibit "D."

20. Accordingly, Reamstown and Mr. Bromfield have been litigating his civil matter continuously, with no stay, since its inception. Ex. D.

**21. It is unknown at this point how Mr. Bromfield was unaware of his own bankruptcy petition, but presumably he did not inform his civil counsel of the instant bankruptcy.**

5

22.     It is also unknown at this point how Mr. Bromfield could have filed the Petition for the instant bankruptcy several months after filing his civil Complaint, and not known to disclose to the Court or creditors that:

- He owns another piece of real property, the 109 Chelsea Circle address, on the same street, Chelsea Circle, in the same town, of Tobyhanna, Pennsylvania.

- He had months prior, filed a civil lawsuit in Philadelphia for insurance bad faith against Reamstown, which he had to personally verify and sign, wherein he had demanded a sum not in excess of $50,000;

- He personally believes that he is entitled to those insurance proceeds, as alleged in the Complaint; and that

- In fact, he has other insurance policy interests, as evidenced by his own pay stubs which evidence withdrawal of premiums directly from his check for disability and life insurance, filed by him in the instant matter. *See* ECF No. 14.

23.     Again, and it bears repeating, Mr. Bromfield signed that he had reviewed the Petition, and that the contents contained therein were accurate, under penalty of perjury.

24.     That same day, while preparing for Mr. Bromfield's deposition in his undisclosed civil matter, Undersigned Counsel emailed Mr. Bromfield's civil counsel to disclose the bankruptcy, which presumably they were not aware of, and to disclose the numerous factual and logical inconsistencies made between the Complaint and the Petition.  A copy of that email is attached hereto as Exhibit "E."

25.    On August 24, 2020, Undersigned Counsel sent correspondence to Mr. Bromfield's civil counsel, Mr. Bromfield's bankruptcy counsel in this matter, as well as the Trustee in this matter to disclose the numerous factual and logical inconsistencies made between the Complaint and the Petition.  A copy of that email is attached hereto as Exhibit "F."

26.    To date, despite that correspondence's request for a conference call to discuss this issue Undersigned Counsel has received no further communications from any of Mr. Bromfield's attorneys, nor the Trustee in this matter.

27.    Also on August 24, 2020, the Trustee in this matter withdrew his report of no assets.  ECF No. 24.

28.    On August 27, 2020, Mr. Bromfield filed an Amended Chapter 7 Voluntary Petition for an Individual (the "Amended Petition").  *See* ECF No. 16.

29.    Therein, **Mr. Bromfield now claims his address to be the 109 Chelsea Circle" address.**  ECF No. 16, Official Form 101, p.5, 5.

30.    **Now, strangely, Mr. Bromfield apparently recalls his civil suit, and has now disclosed that matter to the Court**. ECF No. 16, Official Form 107, p.3, 9.

## **INTERVENTION STANDARDS**

31.    Pursuant to Rule 2018: "In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any

7

interested entity to intervene generally or with respect to any specified matter." Fed. R. Bankr. Pro. 2018(a).

32.     "Rule 24(b) of the Federal Rules of Civil Procedure also provides for permissive intervention and is made applicable to bankruptcy proceedings by Rule 2018(a)." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 70 (Bankr. D. Del. 2006).

33.     "The test to determine whether a party is a 'party in interest' is 'whether the prospective party in interest has sufficient stake in the outcome of the proceeding so as to require representation.'" *In re First Interregional Equity Corp.,* 218 B.R. 731, 736 (Bankr. D.N.J. 1997) (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985)).

34.     "Courts have looked to various factors to allow intervention including 1) whether the moving party has an economic or similar interest in the matter; 2) whether the interest of the moving party are adequately represented by the existing parties; 3) whether the intervention will cause undue delay to the proceedings; and 4) whether the denial of the movant's request will adversely affect their interest." *Id.* (citing *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 853 (Bankr. S.D.N.Y. 1989); *In re Torrez*, 132 B.R. 924, 936 (Bankr. E.D. Cal. 1991); *In re City of Bridgeport*, 128 B.R. 686, 687-688 (Bankr. D. Conn. 1991)).

8

## REAMSTOWN SHOULD BE PERMITTED TO INTERVENE IN THIS MATTER

35.     Simply put, it strains credulity to believe that Mr. Bromfield, mere months after filing a civil complaint for insurance bad faith in Philadelphia (which he personally verified) regarding a piece of real property he owns, forgot about the existence of that same property months later when filing the instant Petition. Similarly, for similar reasons, it strains credulity to believe that Mr. Bromfield forgot about his civil litigation, or his claim to the proceeds under the Policy.

36.     "[I]t is black-letter law that claims against third parties are property of the estate." *Feldman v. People First Fed. Credit Union (In re White)*, 2019 Bankr. LEXIS 2451, at *7 (Bankr. E.D. Pa. Aug. 7, 2019) (citing *In re Black Davis & Shue Agency, Inc.,* 471 B.R. 381, 398 (Bankr. M.D. Pa. Feb. 2, 2012), abrogated on other grounds, 493 B.R. 460).

37.     In other words, the civil Complaint filed by Mr. Bromfield regarding his 109 Chelsea Circle address (which was not disclosed to the Court), and the claims contained therein, are now property of the Estate.

38.     Additionally, by subsequently filing the Petition and declaring under penalty of perjury that he subjectively believed as of the date of filing the Petition that he did not believe he has any interest in insurance policies, Mr. Bromfield, or the proper plaintiff, should be bound by those admissions, such that Reamstown has no coverage obligation to Mr. Bromfield or the Estate.

9

39. Furthermore, Pennsylvania's body of bad faith law provides, under limited circumstances such as these, remedies for insurers whom have insureds who act in bad faith in the presentation of their alleged bad faith claim (reverse bad faith), such that Reamstown should be allowed the opportunity to seek those remedies.

40. Finally, Pennsylvania's body of insurance coverage law may provide remedies for Reamstown under the terms and conditions of the Policy, such that Reamstown should be allowed the opportunity to seek those remedies.

41. If Reamstown is not permitted to intervene, the Trustee will be tasked with determining whether or not to continue Mr. Bromfield's action.

42. Should the Trustee elect to do so, they will be tasked with securing counsel, prosecuting a claim with questionable merit in the first-place, for a substantial period of time, or alternatively, the Trustee may elect to settle Mr. Bromfield's action, in which case, Reamstown could not have settlement discussions with anyone but the Trustee.

43. Thus, not only should Reamstown be permitted to intervene in the instant bankruptcy, but failing to do so will complicate the estate for the Trustee, delay the bankruptcy, and result in a situation such that the Trustee cannot settle the action for chase value, or, will be tasked with prosecuting an action for an

10

extended period of time, which is likely to result in little to no recovery in the first place.

44.    Reamstown is a party in interest in this matter as the Policy, and any proceeds due thereunder, are assets of the Estate, which by one means or another, has been omitted from the Estate, concerning real property which also should have been disclosed to the Estate.

45.    If Reamstown is not permitted to intervene, it will place additional burdens on the Trustee, hamper any quick recovery for the Estate, leave Reamstown without a voice in this matter, and ultimately delay resolution of the bankruptcy and/or the civil action.

WHEREFORE, Reamstown Mutual Insurance Company respectfully requests that it be permitted to intervene in this matter as an interested party in this matter, such that it may resolve those issues outlined above, and seek any judicial declaration which may be warranted.

POST & SCHELL, P.C.

BY: _(signature)_

_____
BY: JEFFREY M. BRENNER
I.D. # 313580
E-mail:      jbrenner@postschell.com
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
TELEPHONE: 215-587-1000
FAX: 215-587-1444

Dated: September 3, 2020

12

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                      :
                           :

MICHAEL D. BROMFIELD,        :
                           :

              Debtor,     :    No. 5:20-bk-01936-RNO
                           :
                           :
                           :
                           :

## <u>MEMORANDUM OF LAW IN SUPPORT OF REAMSTOWN MUTUAL INSURANCE COMPANY'S MOTION TO INTERVENE</u>

Intervenor, Reamstown Mutual Insurance Company ("Reamstown"), by and through its undersigned counsel, hereby seeks to intervene in the above-captioned lawsuit pursuant to Federal Rules of Bankruptcy Procedure 7024 and 2018. In support of this motion, Reamstown relies upon the instant Memorandum of Law, the contents of which are incorporated as if set forth in length in Reamstown's motion.

## I.    <u>MATTER BEFORE THE COURT</u>

Reamstown's Motion to Intervene.

## II.    <u>QUESTION PRESENTED</u>

Should Reamstown be permitted to permissively intervene in this matter as an insurance company to which the debtor is claiming entitlement to insurance proceeds where such proceeds have not been disclosed to the Trustee or the Court?

<u>Suggested Answer</u>: Yes.

## III.  FACTS

Intervenor, Reamstown, is a mutual insurance company, authorized to issue insurance policies in the Commonwealth of Pennsylvania, and regularly conducts business in the Commonwealth of Pennsylvania.  Debtor, Michael D. Bromfield ("Bromfield"), is a real person whom resides at 4250 Chelsea Circle, Tobyhanna, PA 18466 (the "4250 Chelsea Circle" address).

### A.  MR. BROMFIELD'S CIVIL LITIGATION

On November 27, 2019, Mr. Bromfield filed a civil complaint in the Philadelphia County Court of Common Pleas, docketed at Case ID: 191103633, captioned "Michael Bromfield v. Reamstown Mutual Insurance Company" (the "Complaint").  A copy of the Complaint, with exhibits, is attached hereto as Exhibit "A."  The Complaint is verified, under oath, by Mr. Bromfield. Ex. A.

Therein, Mr. Bromfield alleges that on December 26, 2018, Mr. Bromfield had been issued an insurance policy (the "Policy") by Reamstown insuring Mr. Bromfield's real property located at 109 Chelsea Circle, Tobyhanna, Pennsylvania, 18466 (the "109 Chelsea Circle" address).  Ex. A, ¶ 3.  A copy of the Policy is attached hereto as Exhibit "B."

Mr. Bromfield was quite clear in the Complaint that he owned the 109 Chelsea Circle address.  Ex. A, ¶ 1.  Further, Mr. Bromfield alleges that that on December 26, 2018, "while said policy of insurance was in full force and effect,

2

Plaintiff suffered a sudden and accidental direct physical loss to the [109 Chelsea Circle address], resulting in damage and loss. . . ." Ex. A, ¶ 5.

Mr. Bromfield claims that "[Reamstown] denied coverage for the aforementioned loss without a reasonable basis for doing so." Ex. A, ¶ 7. On the contrary, Mr. Bromfield's claim was not covered under the terms and conditions of the Policy, and therefore the claim was denied. A copy of that claim denial letter is attached hereto as Exhibit "C."

As a result, Mr. Bromfield pleads two causes of action against Reamstown in the Complaint: Count I for Breach of Contract, and Count II for insurance bad faith in violation of 42 Pa. C.S. §8371. *See generally* Ex. A. More particularly, Mr. Bromfield claims in the Complaint "as a result of [Reamstown's] failure and refusal to pay benefits to [him] as required under the aforementioned policy of insurance, as well as the mishandling of [his] claim, [he] has suffered loss and damage in an amount not in excess of $50,000.00." Ex. A, ¶ 10.

## B.    <u>THE INSTANT BANKRUPTCY</u>

Unbeknownst to Reamstown or Undersigned Counsel, on June 26, 2020, Mr. Bromfield filed the instant Chapter 7 Voluntary Petition for an Individual (the "Petition"). *See* ECF No. 1. Within the Petition, Mr. Bromfield makes the following declarations to the Court:

- He resides at the 4250 Chelsea Circle address. ECF No. 1, p.2, 5; *cf.* Ex. A;

3

- ***He does not believe that after any exempt property is excluded and administrative expenses paid, that any funds would be left to distribute to unsecured creditors***.  ECF No. 1, p.6, 17;

- His total real estate holdings from Schedule A/B are $175,000.00.  ECF No. 1, Official Form 106Sum, p.1, 1;

- ***His only real property is the 4250 Chelsea Circle address, and that property is worth $175,000.00***.  ECF No. 1, Schedule A/B: Property, p.1, 1.1;

- ***He has no interest in any insurance policies, including disability, life, and homeowners***.  ECF No. 1, Schedule A/B: Property, p.1, 31;

- ***He has no claims against third-parties***.  ECF No. 1, Schedule A/B: Property, p.1, 33; and

- ***He has no contingent claims***.  ECF No. 1, Schedule A/B: Property, p.1, 34.

**Mr. Bromfield further signed and certified that he had ". . . examined this petition, and [] declare under penalty of perjury that the information provided is true and correct."** ECF No. 1, p.6, Part 7 (emphasis added).  **Mr. Bromfield also stated that he understood ". . . making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both."** ECF No. 1, p.6, Part 7 (emphasis added).

On July 31, 2020, the Trustee in this matter submitted to the Court the Trustee's Report of No Distribution, noting that ". . . I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property

4

belonging to the estate; and **that there is no property available for distribution from the estate over and above that exempted by law**." ECF No. 10. (emphasis added). On August 11, 2020, Employee Income Records of Mr. Bromfield were filed. ECF No. 14.

On August 22, 2020, Undersigned Counsel was in the process of preparing for the deposition of Mr. Bromfield in his civil matter, and discovered the existence of the instant bankruptcy. Prior to this date, Undersigned Counsel was not aware of the instant bankruptcy, nor has a suggestion of bankruptcy been filed in that matter. A copy of that docket is attached hereto as Exhibit "D." Accordingly, Reamstown and Mr. Bromfield have been litigating his civil matter continuously, with no stay, since its inception. Ex. D.

**It is unknown at this point how Mr. Bromfield was unaware of his own bankruptcy petition, but presumably he did not inform his civil counsel of the instant bankruptcy. It is also unknown at this point how Mr. Bromfield could have filed the Petition for the instant bankruptcy several months after filing his civil Complaint, and not known to disclose to the Court or creditors that:**

- **He owns another piece of real property, the 109 Chelsea Circle address, on the same street, Chelsea Circle, in the same town, of Tobyhanna, Pennsylvania.**

- **He had months prior, filed a civil lawsuit in Philadelphia for insurance bad faith against Reamstown, which he had to personally verify and sign, wherein he had demanded a sum not in excess of $50,000;**

5

- **He personally believes that he is entitled to those insurance proceeds, as alleged in the Complaint; and that**

- **In fact, he has other insurance policy interests, as evidenced by his own pay stubs which evidence withdrawal of premiums directly from his check for disability and life insurance, filed by him in the instant matter.** *See* ECF No. 14.

**Again, and it bears repeating, Mr. Bromfield signed that he had reviewed the Petition, and that the contents contained therein were accurate, under penalty of perjury.**

That same day, while preparing for Mr. Bromfield's deposition in his undisclosed civil matter, Undersigned Counsel emailed Mr. Bromfield's civil counsel to disclose the bankruptcy, which presumably they were not aware of, and to disclose the numerous factual and logical inconsistencies made between the Complaint and the Petition. A copy of that email is attached hereto as Exhibit "E." On August 24, 2020, Undersigned Counsel sent correspondence to Mr. Bromfield's civil counsel, Mr. Bromfield's bankruptcy counsel in this matter, as well as the Trustee in this matter to disclose the numerous factual and logical inconsistencies made between the Complaint and the Petition. A copy of that email is attached hereto as Exhibit "F."

To date, despite that correspondence's request for a conference call to discuss this issue Undersigned Counsel has received no further communications from any of Mr. Bromfield's attorneys, nor the Trustee in this matter. Also on

6

August 24, 2020, the Trustee in this matter withdrew his report of no assets. ECF No. 24.

On August 27, 2020, Mr. Bromfield filed an Amended Chapter 7 Voluntary Petition for an Individual (the "Amended Petition"). *See* ECF No. 16. Therein, **Mr. Bromfield now claims his address to be the 109 Chelsea Circle" address.** ECF No. 16, Official Form 101, p.5, 5. **Now, strangely, Mr. Bromfield apparently recalls his civil suit, and has now disclosed that matter to the Court**. ECF No. 16, Official Form 107, p.3, 9.

## IV. <u>INTERVENTION STANDARDS</u>

Pursuant to Rule 2018: "In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." Fed. R. Bankr. Pro. 2018(a). "Rule 24(b) of the Federal Rules of Civil Procedure also provides for permissive intervention and is made applicable to bankruptcy proceedings by Rule 2018(a)." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 70 (Bankr. D. Del. 2006).

"The test to determine whether a party is a 'party in interest' is 'whether the prospective party in interest has sufficient stake in the outcome of the proceeding so as to require representation.'" *In re First Interregional Equity Corp.,* 218 B.R. 731, 736 (Bankr. D.N.J. 1997) (quoting *In re Amatex Corp*., 755 F.2d 1034, 1042 (3d Cir. 1985)). "Courts have looked to various factors to allow intervention

7

including 1) whether the moving party has an economic or similar interest in the matter; 2) whether the interest of the moving party are adequately represented by the existing parties; 3) whether the intervention will cause undue delay to the proceedings; and 4) whether the denial of the movant's request will adversely affect their interest." *Id.* (citing *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 853 (Bankr. S.D.N.Y. 1989); *In re Torrez*, 132 B.R. 924, 936 (Bankr. E.D. Cal. 1991); *In re City of Bridgeport*, 128 B.R. 686, 687-688 (Bankr. D. Conn. 1991)).

## V. <u>REAMSTOWN SHOULD BE PERMITTED TO INTERVENE IN THIS MATTER</u>

Simply put, it strains credulity to believe that Mr. Bromfield, mere months after filing a civil complaint for insurance bad faith in Philadelphia (which he personally verified) regarding a piece of real property he owns, forgot about the existence of that same property months later when filing the instant Petition. Similarly, for similar reasons, it strains credulity to believe that Mr. Bromfield forgot about his civil litigation, or his claim to the proceeds under the Policy.

"[I]t is black-letter law that claims against third parties are property of the estate." *Feldman v. People First Fed. Credit Union (In re White)*, 2019 Bankr. LEXIS 2451, at *7 (Bankr. E.D. Pa. Aug. 7, 2019) (citing *In re Black Davis & Shue Agency, Inc.,* 471 B.R. 381, 398 (Bankr. M.D. Pa. Feb. 2, 2012), abrogated on other grounds, 493 B.R. 460). In other words, the civil Complaint filed by Mr.

8

Bromfield regarding his 109 Chelsea Circle address (which was not disclosed to the Court), and the claims contained therein, are now property of the Estate.

Additionally, by subsequently filing the Petition and declaring under penalty of perjury that he subjectively believed as of the date of filing the Petition that he did not believe he has any interest in insurance policies, Mr. Bromfield, or the proper plaintiff, should be bound by those admissions, such that Reamstown has no coverage obligation to Mr. Bromfield or the Estate. Furthermore, Pennsylvania's body of bad faith law provides, under limited circumstances such as these, remedies for insurers whom have insureds who act in bad faith in the presentation of their alleged bad faith claim (reverse bad faith), such that Reamstown should be allowed the opportunity to seek those remedies. Finally, Pennsylvania's body of insurance coverage law may provide remedies for Reamstown under the terms and conditions of the Policy, such that Reamstown should be allowed the opportunity to seek those remedies.

If Reamstown is not permitted to intervene, the Trustee will be tasked with determining whether or not to continue Mr. Bromfield's action. Should the Trustee elect to do so, they will be tasked with securing counsel, prosecuting a claim with questionable merit in the first-place, for a substantial period of time, or alternatively, the Trustee may elect to settle Mr. Bromfield's action, in which case, Reamstown could not have settlement discussions with anyone but the Trustee.

9

Thus, not only should Reamstown be permitted to intervene in the instant bankruptcy, but failing to do so will complicate the estate for the Trustee, delay the bankruptcy, and result in a situation such that the Trustee cannot settle the action for chase value, or, will be tasked with prosecuting an action for an extended period of time, which is likely to result in little to no recovery in the first place.

## VI. <u>CONCLUSION</u>

Reamstown is a party in interest in this matter as the Policy, and any proceeds due thereunder, are assets of the Estate, which by one means or another, has been omitted from the Estate, concerning real property which also should have been disclosed to the Estate. If Reamstown is not permitted to intervene, it will place additional burdens on the Trustee, hamper any quick recovery for the Estate, leave Reamstown without a voice in this matter, and ultimately delay resolution of the bankruptcy and/or the civil action.

Respectfully submitted,

POST & SCHELL, P.C.

BY: _____

_____
BY: JEFFREY M. BRENNER
I.D. # 313580
E-mail: jbrenner@postschell.com
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103-2808
TELEPHONE: 215-587-1000
FAX: 215-587-1444
Dated: September 3, 2020

10

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey M. Brenner, Esquire, hereby certify that on September 3, 2020 I

served a copy of the within Motion to Intervene upon the following:

John J. Martin, Esquire
Law Offices of John J. Martin
1022 Court Street
Honesdale, PA   18431

Scott Gallant, Esq.
S. Gallant Law, P.C.
One Penn Center – Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103

Robert P. Sheils, Jr. (Trustee)
Sheils Law Associates, PC
108 North Abington Road
Clarks Summit, PA   18411

POST & SCHELL, P.C.

BY:

_____
BY:  JEFFREY M. BRENNER
I.D. # 313580
E-mail:      jbrenner@postschell.com
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
TELEPHONE: 215-587-1000
FAX: 215-587-1444

Dated: September 3, 2020